UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KALLISTA DANIELLE,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security, [1]<br><br>                    Defendant. | Case No. 3:13-cv-05273-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 30, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits.  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be remanded for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

On April 19, 2010, plaintiff filed an application for SSI benefits, alleging disability as of January 1, 2001, due to Post Traumatic Stress Disorder ("PTSD"), Anxiety Disorder with Panic

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration.  Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**

REPORT AND RECOMMENDATION - 1

Attacks, and Irritable Bowel Syndrome ("IBS"). See Administrative Record ("AR") 137-40, 167. Her application was denied upon initial administrative review and on reconsideration. See AR 80-87, 91-92. A hearing was held before an administrative law judge ("ALJ") on January 11, 2012, at which plaintiff, represented by counsel, appeared and testified, as did vocational expert ("VE") DT North. See AR 32-76.

On January 20, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 14-31. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 26, 2013, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481. On April 16, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. #1-3. The administrative record was filed with the Court on July 5, 2013. See Dkt. #11. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for payment of benefits, or in the alternative, reversed and remanded for further proceedings because the ALJ erred: (1) in evaluating the medical opinion of Dr. Krueger; (2) in rejecting the lay witness evidence from Rodney Morken; (3) in discounting plaintiff's credibility; and (4) in finding her to be capable of performing other jobs existing in significant numbers in the national economy. The undersigned agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, recommends that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a

REPORT AND RECOMMENDATION - 2

claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

REPORT AND RECOMMENDATION - 3

I.      The ALJ's evaluation of the Opinion from Examining Provider Keith Krueger, PhD.

Dr. Keith Krueger evaluated plaintiff on behalf of the state Department of Social and Health Services on October 28, 2009.  AR 215-22.  He diagnosed plaintiff with Post Traumatic Stress Disorder and Major Depression and found plaintiff markedly limited in her ability to interact appropriately in public contacts and in her ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting.  AR 217-18.  In evaluating this opinion, the ALJ stated "[t]he residual functional capacity recognizes the claimant's limitation in this area and limits her to work that requires only superficial public interaction and no more than rudimentary judgment."  AR 24.  Plaintiff argues that, despite according weight to this opinion, the ALJ failed to properly include all of Dr. Krueger's opined limitations in his Residual Functional Capacity ("RFC") finding.  See Dkt. #14, p. 2-4.  This Court agrees.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  In this case, while the ALJ seems to imply that he adopted the opinion of Dr. Krueger in its entirety, he did not incorporate Dr. Krueger's limitation regarding plaintiff's ability to tolerate pressures and expectations in the work place into his RFC finding. See AR 24, 25, 218.  The ALJ was required to provide at least specific and legitimate reasons for discounting this part of the opinion, and committed reversible error in failing to do so.

Defendant argues that the ALJ properly accounted for this limitation in the RFC by

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

limiting the plaintiff to jobs that do not "require exercise of more than rudimentary judgment." Dkt. #22, p. 9; Ar. 21. While an ALJ's RFC finding need not be identical to credible medical opinions, it does need to be consistent with them. See Chapo v. Astrue, 682 F.3d 1285, 1288 (10th cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."); Turner v. Comm'r of Social Sec., 613 F.3d 1217, 1223 (9th Cir. 2010) (accepting limitations that were "entirely consistent" with physician's evaluation). Here, the ALJ's RFC finding was not consistent with the limitations opined by Dr. Kruger. While exercising judgment may have some relationship to tolerating pressures and expectations of a normal work setting, they are not the same limitation. The form completed by Dr. Krueger specifically asked for his opinion about both the plaintiff's "ability to exercise judgment and make decisions" as well as her "ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting." AR 218. Further, Dr. Krueger opined that plaintiff would be only moderately limited in the former while he opined plaintiff to be markedly limited in the later. Id. If exercising judgment and tolerating work place pressures and expectations were the same limitation, there would be no need for separate questions and Dr. Krueger wouldn't have opined different levels of severity for each limitation.

The vocational expert ("VE") testimony further supports plaintiff's argument that the ALJ's RFC does not properly account for Dr. Krueger's opined limitation regarding tolerating the pressures and expectations of normal work. When the ALJ posed a hypothetical to the VE limiting a person to work with no more than rudimentary judgment, the VE was able to find jobs in the national economy that person would be able to perform. See Ar. 69-71. However, when plaintiff's attorney asked the VE how having a "marked impairment in the ability to tolerate the

REPORT AND RECOMMENDATION - 5

pressures and expectations of a normal work setting" would affect a person's ability to sustain competitive employment, the VE testified that that specific limitation would preclude sustained employment. AR 73-75. This clearly demonstrates that there is a vocational difference between exercising judgment and tolerating work place pressures and expectations.

The ALJ did not incorporate all of Dr. Krueger's opined limitations into the RFC finding and failed to provide any specific and legitimate reasons for discrediting part of the opinion. As such, the ALJ committed legal error. Based on the VE testimony, had all of Dr. Krueger's limitations been included in the RFC finding, the disability outcome would likely change, thus the ALJ's error is not harmless. Stout v. Commissioner, Social Security Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); see also Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

II.     The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett, 180 F.3d at 1098-99 [Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999)]; 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. See AR 21, 69-70. In response to that question, the vocational expert

REPORT AND RECOMMENDATION - 6

testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform three jobs: (1) Cleaner II (DOT # 919.687-014), (2) Laundry Worker II (DOT # 361.685-018); and (3) Laborer, Stores (DOT # 922.687-058). See AR 70-71.  The ALJ relied on this testimony to find plaintiff not disabled at Step 5. See AR 26-27.  Plaintiff argues that the ALJ erred in basing his step five finding on VE testimony that is inconsistent with the Dictionary of Occupational Titles ("DOT").  See Dkt. 14, p. 16-17.  Specifically, plaintiff argues that the VE identified jobs that, as defined by the DOT, would require the use of machinery, which plaintiff argues was precluded by the RFC finding which limited plaintiff to work "that does not involve working around hazards such as heights or machinery."  AR. 21, 69.  See Id.  Defendant concedes that the jobs identified by the VE require the use of machinery, however, defendant argues that the ALJ's hypothetical only limited the use of hazardous machinery, not all machinery.  See Dkt. #22, p. 12-13.

The ALJ may rely on vocational expert testimony that "contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  The ALJ has the affirmative responsibility to ask the vocational expert about possible conflicts between her testimony and information in the Dictionary of Occupational Titles ("DOT"). Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999); SSR 00-4p, 2000 WL 1898704.  Before relying on evidence obtained from a vocational expert to support a finding of not disabled, therefore, the ALJ is required to "elicit a reasonable explanation for any discrepancy" with the DOT. Haddock, 196 F.3d at 1087; SSR 00-4p, 2000 WL 189704 *1.  The ALJ also must explain in his or her decision how the discrepancy or conflict was resolved. SSR 00-4p, 2000 WL 189704 *4

REPORT AND RECOMMENDATION - 7

The ALJ's hypothetical and corresponding RFC finding limited plaintiff to work "that does not involve working around hazards such as heights or machinery."  AR. 21, 69.  It is unclear from the record whether the ALJ's limitation was meant to preclude work involving the use of all machinery, or only work involving the use of hazardous machinery.  Regardless, this ambiguity resulted in an inconsistency between the VE testimony and the DOT, and the ALJ committed legal error in failing to resolve such inconsistency.  The resolution of this inconsistency may affect the ultimate disability determination, thus the ALJ's error was not harmless.   See Stout, 454 F.3d at 1055.

III.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

REPORT AND RECOMMENDATION - 8

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Based on a review of the record, it is not clear to this Court that the ALJ would be required to accept all of Dr. Krueger's opined limitations; therefore further administrative proceedings are needed to address this issue.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter to defendant for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **May 30, 2014**, as noted in the caption.

DATED this 7th day of May, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9